IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BELL,<br>    Petitioner,<br><br>vs.<br><br>RAYMOND SOBINA, Superintendent,<br>    Respondent. | C.A. No. 08-33Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the instant *Petition for Writ of Habeas Corpus* be dismissed and that a certificate of appealability be denied. It is further recommended that the motion to dismiss [Document # 18] be granted.

**II.    REPORT**

Petitioner brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging that he is being detained in violation of his Constitutional rights. Petitioner is appearing *pro se*. Respondent, through the Assistant District Attorney of Erie County, has filed a motion to dismiss the petition. Document # 18.

The issue of whether the instant petition constitutes a successive petition must be considered at the outset. See Wise v. Fulcomer, 958 F.2d 30, 35 (3d Cir. 1992); Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act of 1996 (hereafter, "AEDPA") included several major reforms to the federal habeas corpus laws.[1] Relevant to the instant petition are the amendments

---

[1] The Act specifically prohibits federal courts from reviewing subsequent habeas corpus petitions unless the claim relies on either: 1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the

1

concerning subsequent habeas corpus petitions. Federal district courts are specifically prohibited from entertaining claims presented in a subsequent habeas corpus application unless the appropriate federal court of appeals (here, the Third Circuit) first authorizes such a filing. 28 U.S.C. § 2244. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Third Circuit has described the proper procedure for subsequent petitions:

> we hold that anyone seeking to file a second or successive petition [...] must move in the appropriate Court of Appeal for an order authorizing the District Court to consider the application.

In Re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). The Third Circuit has reiterated its position: "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007) quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

Here, in 2001, Petitioner filed a petition for writ of habeas corpus in this district court, docketed at Civil Action Number 01-193E. On November 18, 2003, the petition was denied on its merits by District Judge Cohill adopting a Report and Recommendation by the undersigned. Petitioner has not received permission from the Third Circuit pursuant to 28 U.S.C. § 2244 for allowance to file a subsequent petition in this federal district court.

---

movant guilty of the offense; or 2) a new rule of Constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court that was previously unavailable. 28 U.S.C. § 2244.

Therefore, this Court has no subject matter jurisdiction over this petition and it should be dismissed.

**Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court also stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying those standards here, jurists of reason would not find it debatable that this Court lacks subject matter jurisdiction. Accordingly, a certificate of appealability should be denied.

**III.   CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that the instant *Petition for Writ of Habeas Corpus* be dismissed and that a certificate of appealability be denied. It is further recommended that the motion to dismiss [Document # 18] be granted.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
                                                            SUSAN PARADISE BAXTER
                                                            Chief United States Magistrate Judge

Dated: September 30, 2008